Edward Major, Claimant, *v.* State of New York, Defendant.
(Motion No. 2827.)

Court of Claims, March 3, 1955.

*Martin Hurwitz* and *Fred I. Zabriskie* for claimant.

*Jacob K. Javits, Attorney-General (David R. Paley* of counsel), for defendant.

SYLVESTER, J.  Upon the foregoing papers this motion is denied.  The statute requires that a reasonable excuse must be shown for failure to timely file.  Applicant's affidavits are not credible.  From his original affidavit and upon the oral argument it was made to appear that he had been unable to leave his home after he was discharged from the hospital and that he was therefore unable to consult with an attorney.  In his supplemental affidavit it developed that he had, in fact, visited the lawyer who represented him in the compensation proceeding and also made biweekly visits to his doctor after leaving the hospital. Counsel, who was unaware of these facts, now orally informs the court that he has made further inquiry from which it appears that the claimant, during the material filing period, had conferred with still another lawyer about his accident.  No mention thereof, however, was made by claimant in the affidavits submitted by him.  The proffered excuse that claimant was '' immobilized and confined to his bed '' is, thus, admittedly not true.  Though there is no claim here that the State was substantially prejudiced by the delay, the statute, nevertheless, requires that a reasonable excuse be shown for the failure to make timely filing (Court of Claims Act, § 10, subd. 5).  This is lacking, as is any trace of candor on the part of claimant.